Foster *v.* Union National Bank of Rahway.

---

### JULIA FOSTER

*v.*

### THE UNION NATIONAL BANK OF RAHWAY et al.

After a decree in foreclosure had been obtained and execution placed in the sheriff's hands, the owner of the equity of redemption in all of the premises, except a small parcel, tendered to the holder of the mortgages, and also to the sheriff, the amount due thereon, which was refused.—*Held*, that the fact that there was error in the decree constituted no ground for refusing the tender, and the sheriff was directed to accept, in satisfaction of the mortgages under the execution, the amount due at the time of the tender.

---

On petition and depositions. Motion that the sheriff be directed to receive money tendered in payment of certain mortgage claims, which, according to the exigency of the execution

(for sale of mortgaged premises), are to be raised under that writ.

*Mr. T. N. McCarter*, for the motion.

*Mr. B. Williamson, contra.*

THE CHANCELLOR.

The decree in this cause was made January 25th, 1878. Subsequently, and prior to the 28th of October following, John Kean obtained an assignment of the complainant's mortgage and the mortgage of Elizabeth A. Forbes, which were the second and third mortgages, the mortgage of Theron R. Strong being the first. The bank held the other two mortgages, the fourth and fifth. The mortgages were all on the same property, a tract of seventy acres, of which a part (two and eight-hundredths acres) was, after the giving of the mortgages, taken by the Perth Amboy and Woodbridge Railroad Company, afterwards merged in and consolidated with the Central Railroad Company of New Jersey. Mr. Kean held, as he still does, the assignments for the benefit of the latter company. The bank, in 1877, under a foreclosure against the mortgagor (to which neither the prior mortgagees nor the railroad company were parties), begun before this suit was commenced, obtained title to all the mortgaged premises, except the part taken by the railroad company. On the 28th of October, 1878, the bank tendered to Mr. Kean the amount due, under the execution in this suit, on his two mortgages, with costs and interest, but he refused to receive the money. The next day, it made the same tender (with like tender as to the Strong mortgage) to the sheriff, who held the execution, and he also refused to receive the money. It has held the money ready ever since, to pay to Mr. Kean, or the sheriff, in extinguishment of the mortgages held by the former. The petition asks that the sheriff may be required to receive the money so tendered in satisfaction of the execution, as to those mortgages. The tender to the sheriff was not accompanied by any condition whatever. The object of the bank was to pay off

those claims. It was the owner of the equity of redemption of all the land except the part taken by the railroad company. As such, it clearly had a right to pay off the claims against the property under the decree and execution. The sheriff appears to have refused to receive the money for the Kean mortgages, because he was directed by those interested in them not to take it. It is urged, on behalf of the railroad company, that the bank, under the circumstances, had no right of redemption, and that its object in paying the mortgages was to obtain subrogation to the rights of Mr. Kean and sell the mortgaged premises under the execution, and so, seeing that the decree and execution were erroneous, obtain an unjust advantage over the railroad company. The decree declared that because of the foreclosure sale before mentioned, the bank's mortgages were a lien only on the part of the property taken by the railroad company, and ordered that the whole of the premises, except that land, be sold to pay the first three mortgages, and if it should not be sufficient for the purpose, that the railroad land should be sold to pay the deficiency; and it also ordered that the latter land should be sold to pay the bank's mortgages. The decree was clearly erroneous, and it has been recently amended so as to provide for the sale of all the land, except the part taken by the railroad company, to pay all the mortgages, and then the latter land, if necessary, to pay any deficiency. *Foster* v. *Union Bank, 7 Stew. Eq. 48.* But the offer of the bank was to pay off the Kean mortgages, and the president of the bank, who made the tender, swears that the object was to cancel them and free the land from the encumbrance thereof. He further testifies that about a month previous to the tender, the bank had, by written contract, agreed to sell the part of the land to which it had obtained title under its foreclosure, to a person whom he names, for $14,000, and that the object was to clear the property of the mortgages, with a view to that sale. In the next place, if subrogation had been sought, the decree would have been just as liable to correction, at the instance of the railroad company, for its protection, after such payment as before. The bank has held the money ready to make the payment ever since the tender, and, by its petition, declares its

readiness to pay it over, and asks that the sheriff may be ordered to receive it. That prayer will be granted, and the sheriff will be ordered to accept, in satisfaction of the amount due on the Kean mortgages under the execution, the amount which was due at the time of the tender.